IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lowell N. Payne, Jr., :

    Plaintiff, :

  v. : Case No. 2:07-cv-575

Patrick Disantis, et al., : JUDGE WATSON

    Defendants. :

### REPORT AND RECOMMENDATION

Plaintiff, Lowell N. Payne, Jr., an inmate at the Chillicothe Correctional Institution, filed this action against Patrick DiSantis, Kevin Reinhart, and Rhonda Gray, pursuant to 42 U.S.C. §1985, alleging that these defendants conspired to cause him serious physical injury as a result of an incident that occurred on February 15, 2007. Currently before the Court are defendants' motions for judgment on the pleadings and to stay discovery. For the following reasons, the Court will recommend that the motion for judgment on the pleadings be granted and that this case be dismissed. The Court will further recommend that the motion to stay discovery be denied as moot.

I.

The complaint contains the following allegations. In November, 2006, Mr. Payne was assigned job duties as an inmate porter. At that time, Mr. Payne informed Mr. Reinhart of his long term medical job restriction. Mr. Reinhart told Mr. Payne that the restriction had expired. Mr. Payne spoke to Mr. DiSantis who then filled out a job reclassification form assigning Mr. Payne to food service. Mr. DiSantis did not submit the reassignment form to the job coordinator. As a result, Mr. Payne was required to continue his job assignment as an inmate

porter.  On February 15, 2007, Mr. Payne permanently injured his back and suffered a pinched nerve with a slipped disc as a result of his job as a porter.  When Mr. Payne attempted to obtain a copy of his job restriction form from the infirmary, he was told that the institution's copy had been removed from his medical file.  Mr. Payne filed an informal complaint with Ms. Gray inquiring about the removal of his confidential and private medical records.  This informal complaint was not addressed.  Based on these allegations, Mr. Payne claims that the defendants conspired to cause him physical harm.  Mr. Payne seeks compensatory and punitive damages against each defendant.

In their motion for judgment on the pleadings, defendants claim that Mr. Payne has failed to state a claim for relief under 42 U.S.C. §1985.  Further, defendants assert that they are entitled to qualified immunity.  Finally, defendants contend that Mr. Payne has failed to exhaust his administrative remedies.  In response, Mr. Payne argues that defense counsel is not qualified to represent defendants because this is an action brought under 42 U.S.C. §1985 and not 42 U.S.C. §1983.

II.

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.  Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir.1979).  In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973).  It is with these standards in mind that the motion for judgment on the pleadings must be decided.

As an initial matter, the Court notes that Mr. Payne has

been quite clear in his intention to proceed with his claim under 42 U.S.C. §1985. He has raised the issue in his response to the defendants' current motion as well as in previous filings. Specifically, in a motion filed February 13, 2008 (#18), Mr. Payne requested that the docket in this matter be corrected to reflect that this is an action pursuant to 42 U.S.C. §1985 and not 42 U.S.C. §1983. This motion was granted by Order dated April 25, 2008 (#21). In light of Mr. Payne's clearly expressed intention, the Court will consider his claim under 42 U.S.C. §1985 only.

Section 1985 protects individuals from conspiracies to interfere with civil rights. 42 U.S.C. §1985. See also Deal v. Polk County, Tennessee, 2007 WL 1387918 at *13-14 (E.D. Tenn. May 8, 2007). This section is broken into three parts. Because the first two parts are clearly inapplicable to plaintiff, the Court will construe plaintiff's complaint as attempting to state a claim under 42 U.S.C. §1985(3). To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy (2) that the purpose of the conspiracy was to deprive plaintiff of equal protection of the law, (3) an act in furtherance of the conspiracy, and (4) injury to the plaintiff. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); see also Royal Oak Entertainment, LLC v. City of Royal Oak, Michigan, 205 Fed. Appx. 389, 399 (6th Cir. 2006). This section applies "only where the discrimination was based on race or membership in another class comprising 'discrete and insular minorities that receive special protection under the Equal Protection Clause because of inherent personal characteristics.'" Royal Oak at 399 (quoting Volunteer Med. Clinic, Inc. v. Operation Rescue, 948 F.2d 218, 224 (6th Cir. 1991)). Additionally, to succeed on a civil rights conspiracy claim, the plaintiff must demonstrate discriminatory purpose in that the defendants selected the particular course of

3

action "'because of' not merely 'in spite of' its adverse effects upon an identifiable group." Disney v. City of Dearborn, 2006 WL 2193029 at *2 (E.D. Mich. Aug. 2, 2006) (quoting Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993)).

Construing the complaint most favorably to Mr. Payne, with respect to the elements of 42 U.S.C. §1985, he has alleged a conspiracy resulting in his physical harm. He has not alleged the he is a member of a discrete and insular minority warranting protection under the Equal Protection Clause. Absent such an allegation, Mr. Payne has failed to state a claim for relief under 42 U.S.C. §1985. As set forth above, the Court will not construe Mr. Payne's more liberally. Consequently, the Court will recommend that defendants' motion for judgment on the pleadings be granted.

In reaching this conclusion that Court notes that, Mr. Payne's assertion that the motion should be denied because defense counsel cannot represent defendants in an action brought under 42 U.S.C. §1985 is without merit. Mr. Payne's claim related to actions taken by defendants as employees of the state of Ohio despite his assertion that the defendants acted as "private citizens." As a result, the defendants were entitled to representation by Ms. Howard as an Assistant Attorney General.

Based on the foregoing, it is recommended that the defendants' motion for judgment on the pleadings (#29) be granted and that this case be dismissed. It is further recommended that the motion to stay discovery (#30) be denied as moot.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file

and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge