IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lowell N. Payne, Jr.,

    Plaintiff,

v.

Patrick Disantis, et al.,

    Defendants.

Case No. 2:07-cv-575

Judge Michael H. Watson

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on January 22, 2009. In that order, the Magistrate Judge recommended that the defendants' motion for judgment on the pleadings be granted. On February 19, 2009, the plaintiff, Lowell N. Payne, Jr., filed objections to the Report and Recommendation. (#41).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id., see also 28 U.S.C. §636(b)(2)(B).

Noting Mr. Payne's clearly expressed intention to proceed under 42 U.S.C. §1985, the Magistrate Judge concluded that defendants were entitled to judgment on the pleadings because Mr. Payne had failed to allege that he was a member of a discrete and insular minority warranting protection under the Equal Protection Clause as required to state a claim under that section. Mr. Payne objects to this conclusion claiming that unlawful detainees are an insular minority. The Court need not address the issue of whether an unlawful detainee is an insular minority because Mr. Payne is a state prisoner and, therefore, not an unlawful detainee. Prisoners and persons in jail in

pretrial detention are not a class of persons entitled to protection under the suspect classification analysis applicable to the Equal Protection Clause. Kelsay v. Hamilton County, Tenn., 2003 WL 23721334 at *6 (E.D. Tenn., Dec. 9, 2003) citing Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997).

Mr. Payne further asserts that the defendants are not entitled to qualified immunity and that he was not required to exhaust administrative remedies. Neither of these grounds formed the basis for the Magistrate Judge's conclusion that judgment on the pleadings was appropriate. Consequently, the Court will not consider these issues in reviewing the Report and Recommendation.

Finally, Mr. Payne contends that defense counsel cannot represent defendants in an action brought under 42 U.S.C. §1985. This issue was fully considered by the Magistrate Judge and is without merit. Mr. Payne's claim related to actions taken by defendants as employees of the state of Ohio despite his assertion that the defendants acted as "private citizens." As a result, the defendants were entitled to representation by the Ohio Attorney General.

Based on the foregoing, the Court overrules Mr. Payne's objections (#41) and adopts the Report and Recommendation (#37) in its entirety. The motion for judgment on the pleadings (#29) is GRANTED and this case is DISMISSED. The motion to stay discovery (#30) is DENIED as moot.

/s/ Michael H. Watson
Michael H. Watson, Judge
United States District Court